```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
EUGENE MASON,                            :
                                         :
                        Plaintiff,       :    19 Civ. 8364 (DLC)
                                         :
            -v-                          :    OPINION AND ORDER
                                         :
AMTRUST FINANCIAL SERVICES, INC. and     :
DAVIS LEWIS,                             :
                                         :
                        Defendants.      :
                                         :
-----------------------------------------X
```

APPEARANCES:

For Plaintiff:
Richard Seth Meisner
Jardin Meisner & Susser, P.C.
30B Vreeland Rd., Ste. 201
Florham Park, NJ 07932
(973) 845-7640

For Defendant:
William Edward Vita
Westerman, Ball, Ederer, Miller & Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556
(516) 622-9200

DENISE COTE, District Judge:

On September 11, 2020, defendant AmTrust Financial Services ("AmTrust") moved for summary judgment on plaintiff Eugene Mason's claims concerning his bonuses for the years 2014 through 2017.  AmTrust contends that these claims must be dismissed as untimely.  For the following reasons, AmTrust's motion is granted.

**Background**

The following facts are undisputed or taken in the light most favorable to Mason.  AmTrust hired Mason as the Senior Vice President, Professional Liability, in September 2013.  Mason signed an "offer of employment" letter dated September 26, 2013 ("Letter").  The Letter provided that Mason would be eligible for two bonuses: an annual bonus equal to three percent of new underwriting income and a discretionary bonus.  The Letter specified that both bonuses "shall be paid in the year following the year in which the bonus is earned, provided that [Mason's] employment with the Company has not been terminated prior thereto." (Emphasis supplied.)  The Letter also stated that Mason's employment at AmTrust was "at-will and neither this letter nor any other oral or written representations may be considered a contract for any specific time period."

On July 6, 2016, Mason signed an AmTrust "Agreement to Bring Claims in Shortened Time Period and Waive Right to Jury Trial" ("Agreement").  AmTrust required all of its employees to sign this Agreement.  The Agreement states,

> I agree that in exchange for my continued at-will employment at AmTrust North America, Inc. ("the Company") and eligibility for a base pay increase, I shall file any lawsuit (and all claims that could be included in that lawsuit) against the Company or any of its managers, agents, or other employees, relating to my application for employment, employment, or separation of employment, within six (6) months after the date of the action or event that

>    is the subject of my lawsuit or the date I sign this
>    Agreement, whichever is longer.

(Emphasis supplied.)  The Agreement further states, "I understand that if I do not agree to this provision I should not continue my employment with the company as this is a required term of employment for all employees."  AmTrust terminated Mason's employment three years later, on July 17, 2019.

On September 9, 2019, Mason filed a complaint against AmTrust and his manager David Lewis.  In response to a motion to dismiss, Mason filed an amended complaint on October 18.  After a renewed motion to dismiss was addressed, the only remaining claim was a claim for breach of contract against AmTrust.  <u>Mason v. AmTrust Fin. Servs., Inc.</u>, No. 19CV8364 (DLC), 2020 WL 1330688 (S.D.N.Y. Mar. 23, 2020).  Mason's breach of contract claim alleges that AmTrust breached its employment agreement with Mason by failing to pay Mason underwriting and discretionary bonuses pursuant to the terms of the agreement for the years 2014 through 2018.

On September 11, 2020, AmTrust filed a motion for summary judgment seeking to dismiss Mason's claims for bonuses for the years 2014 through 2017 as time-barred by the Agreement.  The motion became fully submitted on October 2.  If this motion is granted, the sole remaining claim is for a breach of contract

3

for the year 2018 bonuses.  That claim is due to be tried in December.

## Discussion

Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 113 (2d Cir. 2017) (citation omitted).  "Where, as here, the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Gemmink v. Jay Peak Inc., 807 F.3d 46, 48 (2d Cir. 2015) (citation omitted).  In making this determination, the court "draws all inferences in favor of the nonmoving party."  Id.

Once the moving party has asserted facts demonstrating that the non-movant's claims cannot be sustained, the opposing party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Id. (citation omitted).  "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary

4

judgment." Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted). Only disputes over material facts preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016).

AmTrust contends that Mason's claim for bonuses is time-barred for four of the five years at issue here. New York law governs this breach of contract claim.[1]

New York's Civil Practice Law and Rule states that "[a]n action . . . must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement." N.Y. C.P.L.R. 201. "The parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations." Hunt v. Raymour & Flanigan, 963 N.Y.S.2d 722, 724 (2d Dept. 2013) (citation omitted). "Absent proof that the

---

[1] AmTrust's corporate headquarters is located in New York. The parties' briefs assume that New York law controls. This "implied consent . . . is sufficient to establish choice of law." Alphonse Hotel Corp. v. Tran, 828 F.3d 146, 152 (2d Cir. 2016) (citation omitted).

contract is one of adhesion or the product of overreaching, or that the altered period is unreasonably short, the abbreviated period of limitation will be enforced." Stonewall Contracting Corp. v. Long Island Rail Rd. Co., 129 N.Y.S.3d 433, 436 (2ᵈ Dept. 2020) (citation omitted). "Where the party against which an abbreviated Statute of Limitations is sought to be enforced does not demonstrate duress, fraud, or misrepresentations in regard to its agreement to the shortened period, it is assumed that the term was voluntarily agreed to." State of Narrow Fabric, Inc. v. Unifi, Inc., 5 N.Y.S.3d 512, 514 (2ᵈ Dept. 2015) (citation omitted). New York courts have held that a six-month period to bring a lawsuit is reasonable. See Hunt, 963 N.Y.S.2d at 723-24; Ortegas v. G4S Secure Sols. (USA) Inc., 65 N.Y.S.3d 693 (1ˢᵗ Dept. 2017). See also Stonewall, 129 N.Y.S.3d at 437 (90-day contractual limitations period enforceable).

The Agreement required Mason to file any lawsuit against AmTrust related to his employment within the longer of six months after the date of the event that is the subject of the lawsuit or the date Mason signed the Agreement. Mason filed this lawsuit on September 9, 2019. As a result, he may only bring claims against AmTrust related to his employment based on events taking place on or after March 9, 2019. The Letter required AmTrust pay Mason his bonuses for each year of his employment no later than "the year following the year in which

6

the bonus [was] earned."  For the years 2014 through 2017, AmTrust paid bonuses to Mason by May of the following year.  As a consequence, any claims regarding bonuses for the years 2014 through 2017 fall well outside the six-month limitations period established by the Agreement.  AmTrust has shown that it is entitled to summary judgment for Mason's claims for bonuses for the years 2014, 2015, 2016, and 2017.

Mason opposes this motion for summary judgment with several arguments.  First, Mason argues that there are still genuine issues of material fact, including whether Mason received his entire discretionary bonus and whether AmTrust committed fraudulent accounting practices and concealed those practices from Mason.  These issues do not prevent the enforcement of the statute of limitations in this case.  Any suit regarding the asserted underpayment of a bonus had to be brought within six months of the date on which the bonus was paid or due to be paid.[2]

---

[2] Mason asserts in passing that this motion for summary judgment is premature because discovery is not yet complete.  On consent, the parties have extended the period for discovery.  They are at the very final moments of the discovery period.  The parties' pretrial order is due on November 20.  Mason also submitted a declaration of his expert, Evan Bennett, who explains generally that he needs additional documentation from AmTrust to accurately calculate the bonuses due to Mason.  To the extent that this declaration is meant to serve as a 56(d) affidavit, it does not contain the detailed showing required by Rule 56(d), see Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir.

Mason next contends that he did not voluntarily sign the Agreement.  "In general, repudiation of an agreement on the ground that it was procured by duress requires a showing of both [1] a wrongful threat and [2] the effect of precluding the exercise of free will."  United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 88 (2d Cir. 2011) (citation and emphasis omitted).  In addition, because duress renders contracts voidable, rather than void, "the person claiming duress must act promptly to repudiate the contract or release or he will be deemed to have waived his right to do so."  Id. at 89 (citation omitted).

Mason asserts that he could not have voluntarily signed the Agreement because he was threatened with the loss of his job and no negotiations regarding the terms of the Agreement took place between parties.  Mason's assertion is insufficient to set aside the Agreement.  Mason signed the Agreement three years before AmTrust terminated his employment.  Through his continued employment with AmTrust he waived his right to repudiate the Agreement.  A company's requirement that an at-will employee execute an employment agreement to avoid termination does not constitute a wrongful threat.  Ellison v. Chartis Claims, Inc., 115 N.Y.S.3d 53, 59-60 (2d Dept. 2019).

---

1994), and therefore does not preclude ruling on AmTrust's summary judgment motion.

8

Mason also argues that the terms of the Agreement are vague and ambiguous.  Under New York law, an

> ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.

Law Debenture Tr. Co. of New York v. Maverick Tube Corp., 595 F.3d 458, 466 (2d Cir. 2010) (citation omitted).  By contrast, a contract is unambiguous if its "language has a definite and precise meaning about which there is no reasonable basis for a difference of opinion."  Keiler v. Harlequin Enterprises Ltd., 751 F.3d 64, 69 (2d Cir. 2014) (applying New York law).

Mason argues that the Agreement is ambiguous because "the language of the contract was unclear as to when the commencement was supposed to take place."  The Agreement is not ambiguous.  The Agreement sets out two alternative limitations periods, the longer of which applies: (1) six months after the date of the event that is subject to the lawsuit; or (2) six months after the date Mason signs the Agreement.  The second option gave Mason a six-month window to file any lawsuit against AmTrust based on events that had taken place before he signed the Agreement.  Thereafter, he had only six months to bring a lawsuit against AmTrust concerning an event of his employment that was the subject of the lawsuit.  Because Mason is asserting

9

through his breach of contract claim that he should have been paid more in bonuses for each of five years, he was obligated to bring the claims regarding the 2014 and 2015 bonuses within six months of the date of the Agreement, which would be in December of 2016, and to bring the claims regarding the 2016 and 2017 bonuses within six months of the date on which those bonuses were paid or due to be paid.  Notably, the Letter required bonuses be paid "in the year following the year in which the bonus is earned," and those bonuses were in fact paid in or before May of each year succeeding the year in which they were earned.

Mason next argues that the Agreement is invalid because AmTrust failed to provide additional consideration to Mason for his consent to sign the Agreement.  Not so.  "Because in at-will employment the employer has the right to discharge the employee . . . without cause, and without being subject to inquiry as to his or her motives . . . forbearance of that right is a legal detriment which can stand as consideration for a restrictive covenant."  Zellner v. Stephen D. Conrad, M.D., P.C., 589 N.Y.S.2d 903, 907 (2ᵈ Dept. 1992).  See also Taylor v. Blaylock & Partners, L.P., 659 N.Y.S.2d 257, 259 (1ˢᵗ Dept. 1997); Halliwell v. Gordon, 878 N.Y.S.2d 137, 139 (2ᵈ Dept. 2009).  So long as the employer did not fire the employee shortly after execution of the Agreement, "the forbearance is real . . . and the

10

consideration given for the promise is validated." Zellner, 589 N.Y.S.2d at 907.

Mason was an at-will employee, and AmTrust did not terminate his employment until over three years after he signed the Agreement. AmTrust therefore provided Mason with sufficient consideration in exchange for his acceptance of the Agreement.

Finally, Mason argues that the statute of limitations should be tolled because AmTrust allegedly committed fraudulent accounting practices and concealed this information from Mason such that "he would not understand his true right to a bonus." New York recognizes the doctrine of "equitable estoppel," which "preclude[s] a defendant from using the statute of limitations as a defense where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." Putter v. N. Shore Univ. Hosp., 7 N.Y.3d 548, 552 (2006) (citation omitted). "A plaintiff seeking to apply the doctrine of equitable estoppel must establish that subsequent and specific actions by defendants somehow kept him or her from timely bringing suit[.]" Id. (citation omitted). A court may apply the doctrine of equitable estoppel "where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on

deception, fraud or misrepresentations by the defendant.  <u>Id</u>. at 552-53.

Mason's amended complaint did not allege that AmTrust perpetrated a fraudulent scheme that denied him the ability to understand the value of his bonuses.  In opposition to this motion, Mason has not offered evidence to establish the existence of any such scheme, nor has he has offered evidence that AmTrust concealed pertinent information from him in response to any timely inquiries that he made about the calculation of his bonuses.  A naked assertion that a fraudulent scheme prevented the timely filing of his breach of contract claim does not extend the statute of limitations.[3]  <u>See</u> <u>Cabrini Med. Ctr. v. Desina</u>, 64 N.Y.2d 1059, 1061 (1985) (plaintiff's assertions of fraud contained within its breach of contract claim cannot extend the statute of limitations); <u>Bryant v. Damiano</u>, 877 N.Y.S.2d 820, 821-22 (2ᵈ Dept. 2009) (same).

---

[3] Mason refers to other lawsuits filed against AmTrust, beginning in 2017, that accused AmTrust of fraudulent accounting practices.  Mason does not offer a sufficient description of those cases to satisfy his burden under the equitable estoppel doctrine.  In any event, these lawsuits would have placed Mason on notice since 2017 of those schemes to the extent that those alleged frauds affected the computation of his bonus payments or his ability to timely file this lawsuit.

12

**CONCLUSION**

AmTrust's September 11, 2020 motion for summary judgment is granted.  The remaining claim in this action is Mason's breach of contract claim for his 2018 bonuses.  Summary judgment is granted to AmTrust on the remainder of the breach of contract claim.

Dated:   New York, New York
         October 29, 2020

                              _____
                              DENISE COTE
                              United States District Judge