IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

EUGENE MASON,

    Plaintiff,

v.

AMTRUST FINANCIAL SERVICES, INC.
and DAVID LEWIS,

    Defendants.

---------------------------------------x

Civil Action No. 19:cv-8364 (DLC)

---

**MEMORANDUM OF LAW ON BEHALF OF
PLAINTIFF EUGENE MASON IN RESPONSE TO DEFENDANT'S MOTION TO
EXCLUDE PLAINTIFF'S EXPERT**

---

                                      **JARDIM, MEISNER & SUSSER, P.C.**
                                      420 Lexington Avenue, Suite 300-19
                                      New York, NY 10170
                                      (973) 845-7640
                                      Attorneys for Plaintiff, Eugene Mason

                                      On the Brief:
                                      Richard S. Meisner, Esq.

## PRELIMINARY STATEMENT

Plaintiff Eugene Mason (hereinafter "Plaintiff Mason") retained Evan Bennett (hereinafter "Mr. Bennett") as his expert on damages to opine on, in general terms, what Plaintiff Mason should have been paid as a bonus in 2018.

Defendant AmTrust Financial Services, Inc. (hereinafter "Defendant AmTrust") seeks to preclude Mr. Bennett from testifying on the grounds (a) that he is not an actuary and therefore is not qualified; and (b) that his conclusions are not reliable because they do not have a sufficiently reliable foundation.

Regarding whether Mr. Bennett is qualified, he has more than 38 years of experience as to the various aspects of insurance and reinsurance industry. He is competent to render expert testimony based on his experience. As much as Defendant AmTrust insists, there is no requirement that he must be an actuary to assess the base number for determining Plaintiff Mason's bonus.

As to Defendant AmTrust's challenge that the methodology used by Mr. Bennett is fatally flawed, the argument is misplaced and otherwise mischaracterizes the opinion. Simply put, Defendant AmTrust's issues lie in the weight of the evidence, not with admissibility.

As there is no legal impediment for Mr. Bennett to provide expert testimony, Defendant AmTrust's motion should be dismissed.

## ARGUMENT

### POINT I

### THE DOCUMENTS AND INFORMATION RELIED ON BY PLAINTIFF MASON'S EXPERT WERE PROVIDED TO PLAINTIFF MASON DURING HIS EMPLOYMENT AND WERE WELL-KNOWN TO DEFENDANT AMTRUST

Federal Rule of Evidence 702 calls for a court, as part of its gatekeeping role, to evaluate challenges to expert testimony on two levels. First, the court determines whether the proposed

2

expert is qualified to offer testimony on the subject matter. Second, the court determines whether the contested testimony "has a sufficiently reliable foundation." *Nicholas v. Bratton*, 376 F. Supp. 3d 232, 289 (S.D.N.Y. 2019)(citations omitted). As to the reliability factor, the Supreme Court has underscored that it is a flexible one. In the end, the inquiry depends on the particular circumstances of the case. *Floyd v. City of New York*, 861 F. Supp. 2d 274, 286 (S.D.N.Y. 2012) (citing *Kumbo Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).

What is more important though is that it is recognized that exclusion of competent expert testimony is exception rather than the rule. *Floyd*, 861 F. Supp. 2d at 287 (citing Advisory Committee Notes to the 2000 Amendment).

On all fronts, the expert testimony of Mr. Bennett passes muster.

### A. Mr. Bennett Has A Broad Range Of Experience In The Insurance Industry That Qualifies Him To Give Expert Testimony Here

Mr. Bennett is expected to give expert testimony regarding the calculation and the amount of the bonus Plaintiff Mason was entitled to receive for 2018 under his Employment Agreement with Defendant AmTrust. Mr. Bennett's background and understanding of the insurance industry provides a significant foundation to allow him to be able to give his opinion. Defendant AmTrust challenges his qualifications, in large measure, because Mr. Bennett is not an actuary, and has no specialized actuarial knowledge or accounting expertise. However, whether he lacks the credentials of an actuary does not serve as bar to preventing Mr. Bennet from being able to testify. At best, where there may be a dispute over the body of Mr. Bennett's credentials, that goes to the weight and not admissibility of his testimony. *Vasquez v. City of New York*, 2014 U.S. Dist. LEXIS 124483 at *33 (S.D.N.Y. Sept. 5, 2014).

As noted in his curriculum vitae, Mr. Bennett is currently a consultant in the insurance and reinsurance industry, with more than 38 years of experience. (See Declaration of Richard Meisner,

3

dated December 1, 2020, Exhibit 1.) He further has expertise in various reinsurance accounting and auditing matters.

Yet despite the volume and quality of the experience, Defendant AmTrust contends, in conclusory form, that Mr. Bennett is not an expert in calculating loss ratios for professional insurance carriers, and therefore that his testimony will therefore be unreliable and unfairly prejudicial to Defendant AmTrust.

For example, despite Mr. Bennett's almost four decades of work in various fields of insurance, Defendant AmTrust attempts to disqualify him because he is not an expert "in calculating loss ratios for professional liability insurance carriers," and is not an actuary. However, one need not be an actuary to determine the bonus earned by Plaintiff Mason.

### B. The Opinions Of Mr. Bennett Are Reliable As They Are Based On Data Supplied To Him By Defendant AmTrust And Plaintiff Mason

Where there is a challenge to the expert testimony, in its gatekeeper function, the court evaluates whether the foundation for the opinion is reliable. *Amorgianos v. AMTRAK*, 303 F.3d 256, 265 (2d Cir. 2002). And as part of the evaluation, the court looks to indica of reliability regarding the facts or data. While the list in Rule 702 provides some guidance as to indicia to consider, the factors "are not exclusive or unyielding – the inquiry is a 'flexible' one." *Id.* at 266 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993)). As the Supreme Court later observed, the factors identified in *Daubert* may or may not be relevant. This can depend on the issue at hand, the expert's expertise and the subject matter on which the testimony is offered. *Kumbo Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

To that end, the court's analysis does not necessarily mandate that an expert offer testimony "with exact precision or through the use of scientific methodology; the reliability inquiry may

instead turn on the experiential knowledge of the expert." *Nicolas v. Bratton*, 376 F. Supp. 3d 232, 289 (S.D.N.Y. 2019)(citing *Davis v. Carroll*, 937 F. Supp. 2d 390, 412 (S.D.N.Y. 2013)).

In formulating his opinion on the amount of bonus that Plaintiff Mason was entitled to in 2018, as reflected in his report, Mr. Bennett relied on an AmTrust spreadsheet, a Monthly Management Report prepared by Defendant AmTrust, the Employment Agreement between Plaintiff Mason and Defendant AmTrust and interviews with Mason.[1]

Mr. Bennett then lays out in his report the steps, protocols and reasoning he followed to arrive at his conclusion.

Despite the fact straightforward exposition of Mr., Bennett's analysis and conclusions, Defendant AmTrust seeks to exclude his testimony as speculative and based on false data. Interestingly, as to the last point, most of the data came from Defendant AmTrust.

Once again, the arguments by Defendant AmTrust, to the extent that they may be persuasive, do not address admissibility but go to the weight of the evidence. *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996).

For example, Defendant AmTrust contends that Mr. Bennett fails to demonstrate his methodology can be applied to the case, citing to the indica of Rule 703. First, Defendant AmTrust is incorrect as Mr., Bennett's report does go step by step. Second, the indicia for reliability cited by Defendant AmTrust is not exclusive, as *Kumbo Tire* underscored. Here, Mr, Bennett bases his proposed testimony on his practical experience as opposed to scientific analysis, which is recognized. *Nicholas v. Bratton*, 376 F. Supp. 3d 232, 290 (S.D.N.Y. 2019).

---

[1] As noted by Mr. Bennett, Defendant AmTrust resisted production of other discovery requested, including back up to its own spreadsheets.

Defendant AmTrust additionally complains that Mr. Bennett disregarded data and actuarial principles,[2] and makes assumptions which skew the bonus calculation. The challenges to what was or was not used by Mr. Bennett and his assumptions are always subject to cross-examination at trial.[3]

In sum, Defendant AmTrust's beef has little to do with whether the methodology used by Mr. Bennett is reliable and more to do with the steps and evidence he considered in arriving at his calculations.

### C.     Defendant AmTrust Offers No Argument For Exclusion Under Rule 403

Although Defendant AmTrust makes a single fleeting reference that Mr. Bennett's testimony should be excluded pursuant to FRE 403, nowhere does Defendant AmTrust provide argument or authority for that remedy. According, Defendant AmTrust has waived that argument.

### CONCLUSION

For all the reasons stated more fully above, Plaintiff Mason asks this Court to deny of Defendant AmTrust to preclude Mr. Bennett from testifying as an expert witness on behalf of Plaintiff Mason.

---

[2] Defendant AmTrust does not indicate what such principles are, however.

[3] Throughout its memorandum Defendant AmTrust references passages from the deposition of Mr. Bennett. However, contrary to Local Rule 7.1, that supporting evidence was never included as part of Defendant AmTrust's motion.

Dated: New York, NY
       December 1, 2020

**JARDIM, MEISNER, & SUSSER, P.C.**

By: *Richard S. Meisner*
     Richard S. Meisner

420 Lexington Avenue
Suite 300-19
New York, NY 10170
(646) 205-8038

Attorneys for Plaintiff,
Eugene Mason