

**Jardim, Meisner & Susser, P.C.**
ATTORNEYS AT LAW

**Florham Park – Main Office**
30B Vreeland Road, Suite 100
Florham Park, NJ 07932
Tel: 973.845.7640
Fax: 973.845.7645

**Red Bank**
280 Route 35, Suite 401
Red Bank, NJ 07701
Tel: 732.978.1920, ext 301
Fax: 732.852.2973

**New York**
420 Lexington Avenue
Suite 300-19
New York, NY 10170
Tel: 646.205.8038

**Princeton**
252 Nassau Street
Princeton, NJ 08542
Tel: 609.373.6226
Fax: 973.845.7645

December 1, 2020

**By: ECF**

The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007-1312

        Re:    MASON V. AMTRUST FINANCIAL SERVICES, INC., ET AL.
                  **Civil Action No. 19-CV-8364 (DLC)**

Dear Judge Cote:

      This firm represents Plaintiff Eugene Mason ("Plaintiff Mason") in the above-referenced matter concerning his claims against Defendant AmTrust Financial Services, Inc. ("Defendant AmTrust"). Please accept this letter-brief in lieu of a more formal Memorandum of Law in reply to Defendant AmTrust's Memorandum of Law which was in response to Plaintiff's Trial Memorandum.

      With regard to Defendant AmTrust's contention that the Restricted Stock Unit Agreements allow for Defendant AmTrust to take back the stock once the employee, in this case, Plaintiff Mason, is no longer with the firm, that argument is disingenuous.

      The Restricted Stock Unit Agreements, has a section entitled "Forfeiture Of Unvested RSUs," which reads as follows: "Except as specifically provided in this Agreement **or as may be provided in other agreements between you and the Company,** no other RSU's will vest after your service has terminated for any reason and you will forfeit to the Company all of the RSU's that have not yet vested or with respect to which all applicable restrictions and conditions have lapsed. [Emphasis added.] (See Declaration of Richard S. Meisner, Esq., dated December 1, 2020, Exhibit 1).

      Here, there is another agreement that exists which supercedes the Restricted Stock Agreements, Plaintiff Mason's Employment Agreement. (See Declaration of Richard S. Meisner, Esq., dated December 1, 2020, Exhibit 2).

Hon. Denis Cote, USDJ<br>
December 1, 2019<br>
Page 2

The Employment Agreement indicates that the discretionary bonus awards are "paid" the following year and that supercedes the termination of the Restricted Stock Agreements. The two agreements, read together, indicate that Plaintiff Mason's granting of stock were deferred over time but could not be taken away by reason of the Employment Agreement. It is respectfully submitted that Defendant AmTrust's argument should be discounted in its entirety.

We thank the Court for its gracious courtesies.

                                          Respectfully submitted,

                                          **JARDIM, MEISNER & SUSSER, P.C.**

                                          */s/ Richard S. Meisner*  
                                          RICHARD S. MEISNER

cc:    William Vita, Esq. (Via ECF and via Email for Exhibits 1 and 2 to Declaration only)